IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02599-BNB

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDING CORP.,
TD AMERITRADE HOLDING CORP.,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,

    Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 5 2010

GREGORY C. LANGHAM
                  CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Lori L. Park, initiated this action on October 18, 2010 by filing *pro se* a Motion for Leave to Proceed under 28 U.S.C. § 1915. She filed a Title VII Complaint on October 25, 2010. Ms. Park has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court construes the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Park will be directed to file an amended Title VII complaint.

Ms. Park, who is a Caucasian female, alleges generally that between March 17, 2008, and her constructive discharge on June 14, 2010, the Defendants subjected her

to discriminatory treatment and a hostile work environment on the basis of her sex and race and retaliated against her for opposing discrimination in the workplace. Compl., at ¶¶23-24. Plaintiff further alleges that she is a qualified person with a physical and mental disability or is perceived as having such a disability. Compl., at 82. The Complaint asserts jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended; Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986. Ms. Park also asserts pendent state law claims.

Ms. Park cannot maintain her Title VII and ADA claims against Defendants Moglia and Bradley. Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title I of the ADA prohibits a "covered entity" from discriminating against a qualified individual on the basis of disability. **See** 42 U.S.C. § 12112(a); **see also** 42 U.S.C. § 12111(2) (defining "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee). Neither Title VII nor the ADA, however, imposes individual liability on supervisors. **See Haynes v. Williams**, 88 F.3d 898, 901 (10th Cir. 1996) ("[W]e agree with the majority view that, taken as a whole, the language and structure of amended Title VII continues to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors."); **Butler v. City of Prairie Vill.**, 172 F.3d 736, 744 (10th Cir.1999) (noting reasons for precluding individual

2

supervisor liability under Title VII apply equally to ADA). Supervisory employees may only be sued in their official capacities in a Title VII or ADA action as a means to sue the employer under an agency theory. *See Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). Because Plaintiff has sued her employer, a suit against Defendants Moglia and Bradley in their official capacities under Title VII and the ADA is superfluous.

Plaintiff invokes 42 U.S.C. § 1981 as a jurisdictional basis for this action, but she does not assert a claim under that statute in her "Claims for Relief," and it is not clear what facts she is alleging, if any, to support such a claim. Ms. Park is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Ms. Parks] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Ms. Park also asserts that the Court has jurisdiction over this suit under 42 U.S.C. § 1983. However, Ms. Parks does not allege specific facts to show that any of the Defendants were acting under color of state law. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-

state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." **Am. Mfrs. Mut. Ins. Co. v. Sullivan**, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" **NCAA v. Tarkanian**, 488 U.S. 179, 191 (1988) (quoting **Monroe v. Pape**, 365 U.S. 167, 172 (1961)). Because Ms. Park does not allege that the Defendants were acting under color of state law, the assertion of jurisdiction under § 1983 is improper.

Ms. Park further asserts claims for relief under 42 U.S.C. §§ 1985(3) and 1986. However, "[d]eprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." **See Great American Federal Sav. & Loan Ass'n v. Novotny,** 442 U.S. 366, 378 (1979). Absent an actionable § 1985(3) claim, Ms. Park's claim under 42 U.S.C. § 1986 necessarily fails. **See Drake v. City of Fort Collins**, 927 F.2d 1156, 1163 (10th Cir. 1991). Therefore, Ms. Park, in the amended complaint, is directed to omit any claims for relief under 42 U.S.C. §§ 1985[1] and 1986.

Finally, as a structural matter, the Title VII Complaint is deficient because it purports to assert multiple claims for relief within each "Claim for Relief." For example, the "First Claim for Relief" asserts multiple claims of "Retaliation in Violation of Title VII. . . , 42 U.S.C. § 1985, [and] 42 U.S.C. § 1986." This format, which is repeated in Claims Three, Four, and Six, is improper under Rule 8 of the Federal Rules of Civil Procedure.

---

[1] The Court has construed Plaintiff's assertion of jurisdiction under § 1985 as claiming a violation of § 1985(3) because the other two provisions of § 1985 are clearly inapplicable based on the allegations of the Complaint. See **Phelps v. Wichita Eagle-Beacon,** 886 F.2d 1262, 1272 (10th Cir. 1989). Section 1985(1) prohibits conspiracies to prevent United States officers from performing their duties, and § 1985(2) prohibits conspiracies to intimidate a party or witness in a court proceeding.

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The amended Title VII Complaint Ms. Park files must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Therefore, Ms. Park is directed to file an amended complaint on a Title VII Court-approved form that sets forth her claims in a simple and concise manner, that asserts a single federal statutory violation or state law claim in each "Claim for Relief," and includes the facts to support each claim. Accordingly, it is

ORDERED that Ms. Park file, **within thirty (30) days from the date of this order,** an amended complaint that complies with the pleading requirements of Fed. R.

Civ. P. 8 and the other directives discussed in this order.  It is

FURTHER ORDERED that the clerk of the court mail to Ms. Park, together with a copy of this order, two copies of the following form: Title VII Complaint.  It is

FURTHER ORDERED that, if Ms. Park, fails within the time allowed to file an amended complaint that complies with this order, the Court will review the merits of her original Complaint and some of her claims will be dismissed without further notice for the reasons discussed in this Order.

DATED November 5, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02599-BNB

Lori L. Park
1120 32nd Street
Unit 101
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint** to the above-named individuals on 11/5/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk