IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 10-cv-03136-BNB

MAR 17 2011

LORI L. PARK,

GREGORY C. LANGHAM
CLERK

       Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA, and
J. THOMAS BRADLEY, JR.,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Lori L. Park, initiated this action by submitting *pro se* a Title VII

Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C.

§ 1915. Pursuant to the Court's Order to Cure Deficiency, she filed an Amended Title

VII Complaint on February 3, 2011. Ms. Park has been granted leave to proceed in

forma pauperis under 28 U.S.C. § 1915. Magistrate Judge Boyd N. Boland reviewed

the Amended Complaint pursuant to D.C.COLO.LCivR 8.1C. On February 11, 2011,

Magistrate Judge Boland issued an Order directing Ms. Park to show cause within thirty

days why this action should not be dismissed as duplicative of *Lori L. Park v. TD*

*Ameritrade Trust Company, Inc.*, et al., Civil Action No. 10-cv-02599-PAB-KMT.

Plaintiff filed a response to the show cause order, along with a [Second] Amended

Complaint, on March 1, 2011.

The Court must construe Ms. Park's filings liberally because she is representing

herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed with prejudice.

As stated in the Order to Show Cause, Ms. Park's Title VII Amended Complaint in this action substantially mirrors the claims that she asserts in *Lori L. Park v. TD Ameritrade Trust Company, Inc., et al.*, Civil Action No. 10-cv-02599-PAB-KMT, against the same defendants. "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted). A duplicative suit may be dismissed for reasons of "wise judicial administration." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, Case No. 00-1130, 2001 WL 661086 at *1 and n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action").

The Amended Title VII Complaints in the two actions involve identical parties, assert the same claims under federal and state law, and seek the same remedies. Ms. Parks asserts in her response to the show cause order that the two actions are different

because the EEOC claim attached to the Amended Complaint in Civil Action No. 10-cv-02599-PAB-KMT asserts retaliation only, while the EEOC claim attached to the Amended Complaint in this action asserts retaliation, sex discrimination, and sexual harassment/hostile work environment.  However, both actions assert a claim for relief under Title VII for unlawful sexual harassment and hostile work environment.  Thus, Plaintiff can use the EEOC charge attached to the Amended Complaint in this action to support her claim in the earlier case as well.

Plaintiff also argues that the Amended Complaint in this action contains numerous factual allegations that are not included in Civil Action 10-cv-02599-PAB-KMT.  However, where the defendants, the claims, and the requests for relief in the two actions are the same, some differences in factual allegations are not a sufficient basis to maintain two separate suits.  The [Second] Amended Complaint filed by Ms. Park on March 1, 2011 does not change the Court's analysis.  Accordingly, it is

ORDERED that this action is dismissed without prejudice as duplicative of *Lori L. Park v. TD Ameritrade Trust Company, Inc., et al.*, Civil Action No. 10-cv-02599-PAB-KMT.  It is

FURTHER ORDERED that the clerk of the Court file a copy of this Order in *Park v. TD Ameritrade Trust Company, Inc., et al.*, Civil Action No. 10-cv-02599-PAB-KMT.

DATED at Denver, Colorado, this 17th day of March, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03136-BNB

Lori L. Park
1120 32nd Street - Unit 101
Denver, CO 80205

 I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
 Deputy Clerk