IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00875-PAB-KLM

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,

    Defendants.
_____

**ORDER TO SHOW CAUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the *pro se* Title VII Complaint filed by Plaintiff on April 4, 2011 [Docket No. 1].  The Court must construe Plaintiff's filings liberally because she is *pro se*, however, the Court is not Plaintiff's advocate.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons set forth below, Plaintiff is directed to show cause why the instant action should not be dismissed.

    From a review of the docket, the present case substantially mirrors the claims Plaintiff asserts in *Park v. TD Ameritrade Trust Co.* et al., 10-cv-02599-PAB-KMT.  The cases involve the same Plaintiff and the same Defendants as well as many of the same claims.  "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."  *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221,

223 (7th Cir. 1993) (citation omitted). A duplicative lawsuit may be dismissed for reasons of "wise judicial administration." *Id.* (citation omitted).

The Title VII Complaints in the two actions involve identical parties, many of the same claims, and seek the same remedies. Although the Complaint at issue in this lawsuit asserts additional factual allegations and state law claims that are not yet alleged in 10-cv-02599-PAB-KMT, that alone is not a sufficient basis to maintain two separate suits. This is particularly true here where one of Plaintiff's lawsuits has already been dismissed because of its substantial similarity to 10-cv-02599-PAB-KMT, see 10-cv-03136-ZLW [Docket No. 27], and a deadline has been set in 10-cv-02599-PAB-KMT [Docket No. 34] for Plaintiff to file a motion to amend her Complaint which presumably would allow her to amend that lawsuit to include any new factual allegations and claims. Accordingly,

IT IS HEREBY **ORDERED** that on or before **April 14, 2011**, Plaintiff shall show cause why the instant action should not be dismissed as duplicative of 10-cv-02599-PAB-KMT. In particular, Plaintiff shall address why she cannot move to amend her Complaint in 10-cv-02599-PAB-KLM to include any new factual allegations or claims asserted here. In the alternative, Plaintiff may file a notice of voluntary dismissal in the present action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) by the same date.

IT IS FURTHER **ORDERED** that Plaintiff's timely failure to show cause as directed or to voluntarily dismiss the present action will result in the Court recommending that the present action be dismissed and may result in sanctions being imposed pursuant 28 U.S.C. § 1927, Fed. R. Civ. P. 11 or the Court's inherent authority. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir.

1990); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991).

IT IS FURTHER **ORDERED** that the Clerk shall file a copy of this Order in 10-cv-02599-PAB-KMT.

Dated:  April 6, 2011

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix