IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02599–PAB–KMT

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA, and
J. THOMAS BRADLEY, JR.,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 43, filed April 22, 2011).

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

> merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiff, proceeding *pro se*, seeks to amend her complaint to add defendants and to join claims filed in other suits and relating to her previously asserted claims of employment discrimination and retaliation. Defendants, in the interest of judicial efficiency, do not oppose Plaintiff's Motion, and instead reserve the right to move to dismiss some or all claims after they have been served with the proposed Amended Complaint. (*See* Resp., ¶¶ 4–5.) No scheduling order has been entered; thus Plaintiff's Motion is timely. Further, the case is in the early stages of litigation. Moreover, upon review of the proposed Amended Complaint and the Motion, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that Plaintiff's " Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 43) is GRANTED. The Clerk of Court shall file Plaintiff's "Title VII Amended Complaint" (Doc. No. 43–1). It is further

**ORDERED** that Defendants' Motion to Dismiss (Doc. No. 20, filed February 25, 2011) is DENIED, as it is directed at the now non-operative complaint.

Dated this 10th day of May, 2011.

BY THE COURT:

*(signature)*

Kathleen M Tafoya
United States Magistrate Judge