IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02599–PAB–KMT

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,
TD AMERITRADE SERVICES COMPANY, INC., and
TD AMERITRADE, INC.,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion to Stay Pending Completion of 10th Cir. Appeals Court Decision of 11-1157 (District No 10-cv-03136-ZLW)" (Doc. No. 57 [Mot.], filed June 13, 2011). Defendants filed their Response on July 7, 2011. (Doc. No. 63 [Resp.].)

In her Motion, Plaintiff requests that her case be stayed pending a ruling by the Tenth Circuit Court of Appeals on claims originally asserted in this Court in Civil Action No. 10-cv-03136-ZLW. Defendants oppose the Motion.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL

894955, at *2 (D. Colo. March 30, 2006) (unpublished). However, a motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of

persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

Plaintiff argues that the Tenth Circuit will remand the case before it, making some of the claims asserted in her current matter duplicative and unnecessary. The premise upon which the plaintiffs seek a stay of discovery is not persuasive. The court will not order a stay of any proceeding, especially considering the presumption against stays in this district, based solely upon speculation that the Tenth Circuit will remand the case before it. Moreover, Defendants argue that the outcome of Plaintiff's appeal to the Tenth Circuit will have little or no bearing on this case. (Resp. at 2.) The court agrees with Defendants.

Senior District Judge Weinshienk dismissed Civil Action No. 10-cv-03136-ZLW as duplicative of the matter at bar, in that both actions involve identical parties, assert the same claims under federal and state law, and seek the same remedies. (*See* 10-cv-03136-ZLW, Doc. No. 11 at 2–3.) Thus, if the Tenth Circuit determines that 10-cv-03136 was improperly dismissed and Plaintiff was denied relief on the specific claims asserted therein, that ruling also would necessarily signify that the claims in 10-cv-03136 are independent and distinct from any claims Plaintiff asserted in her Amended Complaint in this case, and Plaintiff would be allowed to proceed on the claims asserted in Civil Action No. 10-cv-03136-ZLW in a proceeding separate from this matter. On the other hand, if the Tenth Circuit dismisses Plaintiff's appeal, the ruling will have no effect on the claims asserted in this case.

With respect to judicial efficiency in this court, as stated above, a stay of all discovery is generally disfavored. *See Chavez*, 2007 WL 683973, at*2. The general interests of controlling

the court's docket and the fair and speedy administration of justice require that the motion to stay be denied.  Finally, neither party has asserted any compelling nonparty or public interest triggered by the facts at issue.  Balancing all factors presented, the court finds that a stay of discovery is not appropriate.  Accordingly, it is

ORDERED that "Plaintiff's Motion to Stay Pending Completion of 10th Cir. Appeals Court Decision of 11-1157 (District No 10-cv-03136-ZLW)" (Doc. No. 57) is DENIED.

Dated this 18th day of July, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge