IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02599–PAB–KMT

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,
TD AMERITRADE SERVICES COMPANY, INC., and
TD AMERITRADE, INC.,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter comes before the court on a review of the docket, on Plaintiff Park's failure to appear at the August 4, 2011, Scheduling Conference, on Plaintiff's "Status Update to Court Cancelling Planning Conference" (Doc. No. 86, filed August 3, 2011), and on Plaintiff's failure to comply with this court's orders.

Pursuant to the Order of Reference dated December 20, 2010 (Doc. No. 9), this civil action was referred to the Magistrate Judge to, *inter alia*, "Convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2." *Id.* Pursuant to the Local Rules of Practice for the United States

District Court for the District of Colorado, "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1.

Initially, the Scheduling Conference was set for April 21, 2009. (Doc. No. 23.) On April 1, 2011, the parties filed a joint motion to vacate the scheduling conference (Doc. No. 31). The parties reported that Plaintiff was going to file a motion to amend her complaint, and the defendants "believe[d] it would be beneficial to know the full scope of Plaintiff's claims before proceeding" with the scheduling conference. (*Id.*, ¶¶ 3–4.) The court granted the motion to vacate the scheduling conference and ordered Plaintiff to file her motion to amend her complaint no later than April 22, 2011. (Doc. No. 34.)

On April 22, 2011, Plaintiff filed her motion to amend the complaint (Doc. No. 43), which was unopposed (Doc. No. 49). On May 10, 2011, this court granted Plaintiff's motion to amend her complaint. (Doc. No. 50.) Also on May 10, 2011, this court issued a "Second Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" (Doc. No. 52). The court reset the Scheduling Conference for August 4, 2011, at 10:00 a.m. (*Id.*) On June 13, 2011, Plaintiff filed a motion to stay the proceedings in this case pending a decision by the Tenth Circuit Court of Appeals on claims originally asserted in Civil Action No. 10-cv-03136-ZLW. (Doc. No. 57.) This court denied Plaintiff's motion to stay on July 18, 2011. (Doc. No. 72.)

On July 21, 2011, Plaintiff filed a "Motion to Vacate Scheduling Order Deadlines" (Doc. No. 73) and a "Motion for Enlargement of Time for Leave to File Amended Complaint & to Add

Materials/Exhibits" (Doc. No. 74). On July 27, this court denied Plaintiff's motion to vacate the scheduling order. (Doc. No. 79.) The court noted, "Due to the constraints of Fed. R. Civ. P. 16(b)(2), and the fact that the court is well past the deadline for entry of a Scheduling Order, the Scheduling Conference will not be continued." (*Id.*) The court granted in part Plaintiff's motion to extend the time to file an amended complaint, stating, "A deadline for the parties to amend their pleadings will be given at the Scheduling Conference. Plaintiff shall not file a motion to amend her complaint until after the Scheduling Conference." (Doc. No. 81.)

On July 28, 2011, Defendants timely filed the proposed Scheduling Order without any input from Plaintiff. (Doc. No. 82.) On August 3, 2011, at 3:13 p.m., Plaintiff filed a "Status Update to Court Cancelling Planning Conference." (Doc. No. 86 [Status Update].) The Status Update, presented in mostly nonsensical and unintelligible question and answer format, apparently quoting, in part, lines from the movie *True Grit*, advises "Plaintiff will not be attending the Planning Conference on August 4, 2011 as she has a duty to Country to address the lack of morals and values of integrity and honesty in Denver Federal District Court. Please consider it a 'last minute scheduling conflict.' " (*Id.* at 4.) Indeed, on August 4, 2011, Plaintiff failed to appear for the Scheduling Conference, which the court commenced twenty-two minutes late in order to give Plaintiff every opportunity to attend.

Following the Scheduling Conference, this court issued an Order for Plaintiff to show cause in writing by August 22, 2011, why her "Title VII Amended Complaint" should not be dismissed for failure to prosecute her case and failure to comply with court orders. (Doc. No. 88.) The court warned Plaintiff that failure to respond to the Order to Show Cause or failure to

show cause would result in a recommendation that her case be dismissed, with prejudice, in its entirety. (*Id.*)

Plaintiff bears the responsibility of complying with court orders and prosecuting her case. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case for a party's failure to prosecute her case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "These factors do not create a rigid test; rather they

4

represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted).

Consideration of the *Ehrenhaus* factors weighs heavily in favor of dismissal with prejudice. First, the court finds that Defendants are highly prejudiced by Plaintiff's failure to prosecute this matter. Second, the court finds that Plaintiff has significantly interfered with the judicial process by failing to prosecute this matter and by failing to respond to court orders. Plaintiff now has failed to respond to this court's Order to Show Cause or to give an explanation for her failure to do so. Plaintiff has shown contempt by willfully failing to comply with this court's orders and by repeatedly wasting judicial resources. Third, this court finds Plaintiff is culpable for the delays in this case and for the violations of this court's orders. Fourth, this court specifically warned Plaintiff that her failure to comply with this court's orders could result in a recommendation for dismissal for her failure to comply. (*See* Doc. No. 88*.*)

Finally, this court finds Plaintiff's failures to obey the orders of this court unacceptable and such litigation behavior should not be tolerated. Plaintiff has made very little effort to prosecute this action, and instead has attempted to stall and delay prosecution of her case. Realizing that dismissal with prejudice is a severe sanction, the court nonetheless believes that no other sanction will be effective. *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice). Furthermore, dismissal with prejudice serves

the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing] 'those who might be tempted to such conduct in the absence of such a deterrent.' " *Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, this court

**RECOMMENDS** that the Complaint and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). This court further

**RECOMMENDS** that "Defendants' Motion to Dismiss" (Doc. No. 67, filed July 12, 2011) be DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of August, 2011.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge