IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02599-PAB-KMT

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,
TD AMERITRADE SERVICES COMPANY, INC., and
TD AMERITRADE, INC.

    Defendants.

# ORDER

This matter is before me on a motion filed by plaintiff on September 13, 2011 [Docket No. 95] entitled "Motion for Judicial Administrative Leave on Judges assigned to her Title VII cases because of vast Judicial Misconduct which is being reported to Clerk of the Court, Senate Judiciary Committee Members, House Judiciary Committee, the FBI, President Obama, Vice President Biden, and 2012 Presidential Candidates." In light of plaintiff's pro se status, I review her motion liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In her motion, plaintiff requests that the Clerk of the Court place the magistrate judge and me on "administrative leave." Docket No. 95 at 1. The Court construes the motion as a motion seeking recusal of the judicial officers assigned to this matter.

Plaintiff argues that judicial officers assigned to her various cases in this District, including the present case, have improperly found in favor of defendants. Although she infers from her failure to prevail in her lawsuits that the judges assigned to her matters have not been impartial or have been somehow biased against her claims, *see* 28 U.S.C. § 455(a) (requiring that a judge recuse himself "in any proceeding in which his impartiality might reasonably be questioned"); 28 U.S.C. § 455(b)(1) (requiring disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"), plaintiff identifies no evidence that such has been the case.

Furthermore, to the extent plaintiff requests recusal on the grounds that no judge in this District should be assigned to her case, the Court notes that section 455 must be read in light of a judge's "duty to sit" on cases filed with the court. *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000). Plaintiff cannot avoid having her matter resolved in this District by making "unsubstantiated suggestion[s] of personal bias or prejudice." *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982); *see* Docket No. 95 at 4-5 (where plaintiff requests a "full and lengthy investigation" of as many as seven judicial officers who presided over her lawsuits at various times and expressing her desire that this case be heard by a federal court in another district). Section 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Moreover, under the "'rule of necessity,' a judge is qualified to decide a case even if he or she would normally be impeded from doing so, when 'the case cannot be heard otherwise.'" *Switzer*, 198 F.3d at 1258 (quoting United *States v. Will*, 449 U.S. 200, 213 (1980)).

Finally, I note that many of plaintiff's requests are directed at the legislative and executive branches of government and do not constitute requests of this Court.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion for recusal [Docket No. 95] is DENIED.

DATED October 25, 2011.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge