IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02599–PAB–KMT

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,
TD AMERITRADE SERVICES COMPANY, INC., and
TD AMERITRADE, INC.,

    Defendants.

**ORDER**

This matter is before the court on the Affidavit of Marcia A. Washkuhn (Doc. No. 89 [Washkuhn Affidavit]) detailing the costs and attorney's fees claimed as a result of the Court's order on August 4, 2011.  (See Doc. No. 87.)

Background

On May 10, 2011, this court issued a "Second Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" (Doc. No. 52) for August 4, 2011 as a result of the filing of Plaintiff's Amended Complaint.  On July 21, 2011, Plaintiff filed a "Motion to Vacate

Scheduling Order Deadlines" (Doc. No. 73) and a "Motion for Enlargement of Time for Leave to File Amended Complaint & to Add Materials/Exhibits" (Doc. No. 74).  On July 27, this court denied Plaintiff's motion to vacate the scheduling conference.  (Doc. No. 79.)  The court noted, "Due to the constraints of Fed. R. Civ. P. 16(b)(2), and the fact that the court is well past the deadline for entry of a Scheduling Order, the Scheduling Conference will not be continued." (*Id.*)  The court granted in part Plaintiff's motion to extend the time to file an amended complaint, stating, "A deadline for the parties to amend their pleadings will be given at the Scheduling Conference.  Plaintiff shall not file a motion to amend her complaint until after the Scheduling Conference."  (Doc. No. 81.)

On July 28, 2011, Defendants timely filed the proposed Scheduling Order without any input from Plaintiff.  (Doc. No. 82.)  On August 3, 2011, at 3:13 p.m., Plaintiff filed a "Status Update to Court Cancelling Planning Conference."  (Doc. No. 86 [Status Update].)  The Status Update, presented in mostly nonsensical and unintelligible question and answer format, apparently quoting, in part, lines from the movie *True Grit*, advised "Plaintiff will not be attending the Planning Conference on August 4, 2011 as she has a duty to Country to address the lack of morals and values of integrity and honesty in Denver Federal District Court.  Please consider it a 'last minute scheduling conflict.' " (*Id.* at 4.)  Indeed, on August 4, 2011, Plaintiff failed to appear for the Scheduling Conference, which the court commenced twenty-two minutes late in order to give Plaintiff every opportunity to attend.

As a result of her behavior, the court awarded the defendants their fees and costs associated with preparation and attendance at the Scheduling Conference and issued an Order to

Show Cause to the Plaintiff why this case should not be dismissed for failure to prosecute. (Doc. No. 88.) The court allowed Plaintiff to file an objection, if any she had, to the reasonableness of the defendants' fees and costs, on or before August 22, 2011. (Doc. No. 87.) On August 24, 2011, having received no response to the Order to Show Cause and no objection to the submission of Ms. Washkuhn's cost and fees request, this court issued its Recommendation of dismissal pursuant to Fed. R. Civ. P 41, D.C.COLO.LCivR 41.1 and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). (Doc. No. 90.) Plaintiff has filed objections to that Recommendation, which remains pending before District Judge Philip A. Brimmer.

Analysis

Defendants request fees and costs in the amount of $3,937.89 for: (1) the preparation for and attendance at the August 4, 2011 Scheduling Conference; and, (2) the preparation of the cost and fees statement ordered by the Court. Three attorneys, Kasey Cappellano, David Wagner (local counsel) and Marcia Washkuhn, and one paralegal, Kelly Masters, contributed time to the two projects. The paralegal time is billed at $150.00 per hour, Ms. Cappellano and Mr. Wagner are billed at $175.00 per hour, and Ms. Washkuhn is billed at $250.00 per hour. Hours attributed to Ms. Cappellano total 13.1; hours attributed to Mr. Wagner total 1.5 (for travel to and attendance at the Denver, Colorado hearing on August 4, 2011); hours attributed to Ms. Washkuhn total .90; and, hours attributed to paralegal Masters total 4.4. Costs also were submitted for Attorney Cappellano's travel to Denver, from Omaha, Nebraska, including airfare, rental car, parking and meals in the amount of $467.89.

In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id*. at 1281. The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

This court concludes that the hourly rate for the three attorneys who worked on the case is reasonable and comes within the prevailing rate in the Denver, Colorado area for attorneys of similar experience. In fact, the parties reduced their hourly rate claim for Mr. Wagner to reflect the "differing market conditions between Denver and Omaha." (Washkuhn Affidavit, ¶ 6.) However, the rate charged by the paralegal of $150.00 per hour is not consistent with the prevailing Denver, Colorado rates charged by non-lawyer paralegals. The rate charged by Ms. Masters is only $25.00 per hour less than the rates charged by attorneys Cappellano and Wagner. Therefore, the court will allow a billing rate for Ms. Masters' of half that of the less senior attorneys, resulting in a rate of $87.50 per hour.

Having examined the billing records submitted with the Washkuhn Affidavit (Ex. A), the court finds that the billing associated with Attorneys Washkuhn and Wagner and the paralegal Masters reflect necessary hours of professional legal work which were reasonably expended in

connection with the preparation for and attendance at the Scheduling Conference on August 4, 2011, and the preparation and submission of the fees and costs analysis as ordered by the court.

The court, however, will disallow all the expenses claimed for the trip to Denver, Colorado, by attorney Cappellano and the attorney fees associated therewith, except for the time Ms. Cappellano actually appeared in court consistent with the .60 hour billed by Ms. Washkuhn. A Scheduling Conference is a 15-30 minute hearing at which a discovery schedule and plan is discussed and placed on the record. For out-of-state attorneys, this court consistently allows appearances of counsel by telephone. In this case, Ms. Washkuhn appeared by telephone and Mr. Wagner, local counsel for defendants, personally appeared. There is nothing improper about Ms. Cappellano's travel to make a personal appearance at the Scheduling Conference; a party's decision to have counsel appear in person is one of personal choice, of course, so long as the client is willing to pay the attorney's fees and costs associated therewith. However, in light of the fact that the defendants were already represented in this short hearing by two attorneys, one of whom appeared in person, the court finds that Ms. Cappellano's appearance in person was not a necessary expense which should now be attributable to the Plaintiff as a sanction. Therefore, the court will reduce the hours attributable to Ms. Cappellano by 10.2, resulting in 2.9 hours of fees associated with Ms. Cappellano's representation and disallow all costs submitted.

The court finds that an award of $1,410.00 in attorney's fees is the reasonable and necessary amount expended by Defendants' counsel in preparing for and attending the Scheduling Conference on August 4, 2011, and for preparing and submitting the cost accounting as ordered by the court.

Therefore, it is ORDERED

As a sanction against the plaintiff as ordered by the court on August 4, 2011, the amount of $1,410.00 is hereby awarded to the Defendants and against Plaintiff Lori Park. The total amount of the sanction shall be remitted by certified funds from the plaintiff and payable to the law firm of Kutak Rock, LLP in full on or before December 9, 2011.

Dated this 9th day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge