IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02599-PAB-KMT

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,
TD AMERITRADE SERVICES COMPANY, INC., and
TD AMERITRADE, INC.,

    Defendants.

# ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 90]. The magistrate judge recommends that plaintiff's complaint be dismissed with prejudice for failure to prosecute and that defendants' motion to dismiss [Docket No. 67] should be denied as moot as a result.

### A. Plaintiff's Objections to Magistrate Judge Recommendation

The magistrate judge informed the parties that they could filed objections to the Recommendation within fourteen days of its service. *See* Docket No. 90 at 6. The Recommendation was served on August 24, 2011, and plaintiff filed documents that the Court construes as objections to the Recommendation on August 31 [Docket No. 91],

September 1 [Docket Nos. 92, 93[1]], October 14 [Docket No. 98], October 19 [Docket No. 99], and October 21, 2011 [Docket No. 100]. Only plaintiff's filings on August 31 and September 1, 2011 are timely.[2] The Court will review "de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), within those timely filings. When doing so, the Court reviews plaintiff's filings liberally in light of plaintiff's pro se status. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In support of the Recommendation, the magistrate judge cited plaintiff's "failures to obey the orders of this court" and concluded that plaintiff had "made very little effort to prosecute this action, and instead has attempted to stall and delay prosecution of her case." Docket No. 90 at 5. More specifically, on May 10, 2011, the magistrate judge set a scheduling conference for August 4, 2011. Plaintiff sought a stay of the proceedings pending a decision on her appeal of claims asserted in Civil Action No. 10-cv-03136-ZLW. The magistrate judge denied that motion on July 18, 2011. Three days later, plaintiff requested that the August 4 scheduling conference be vacated. The magistrate judge denied that request. Plaintiff did not participate in the drafting of the proposed scheduling order filed by defendants on July 28, 2011.

On the afternoon of August 3, 2011, plaintiff filed a document entitled "Status Update to Court Cancelling Planning Conference" [Docket No. 86]. As the

---

[1]This filing appears to be a duplicate of Docket No. 91.

[2]Furthermore, the combined length of plaintiff's filings exceed without leave this Court's fifteen-page limit on objections to magistrate judge recommendations. *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.A. The Court will nevertheless consider the entirety of each timely filing.

Recommendation correctly pointed out, the filing was "presented in mostly nonsensical and unintelligible question and answer format." Docket No. 90 at 3. Plaintiff communicated that she would not be attending the August 4 scheduling conference, but rather would be "working with a U.S. Congressional Member's Office who is interested in hearing every detail of Denver Federal District Court judicial misconduct for every case she has filed with this Court." Docket No. 86 at 2 (emphasis omitted). Plaintiff further asserted that she would not attend the scheduling conference because "she has a duty to Country to address the lack of morals and values of integrity and honesty in Denver Federal District Court." Docket No. 86 at 4. Plaintiff also attached an email she sent to opposing counsel on August 2, 2011, wherein she informed defendants' counsel that she would notify the Court that she would not be attending the scheduling conference, but instead would "be contacting a prominent U.S. Senator regarding the misconduct of Denver Federal District Court Judge[s] in the handling" of her cases. Docket No. 86 at 6. In other words, plaintiff expressed her intention to remove herself from the proceedings in order to take her complaints regarding the District Court to other authorities.

      Plaintiff did not attend the August 4 scheduling conference. *See* Docket No. 87. On August 10, 2011, the magistrate judge ordered plaintiff to show cause no later than August 22, 2011 why her case "should not be dismissed for failure to prosecute her case and failure to comply with court orders." *See* Docket No. 88 at 4-5; *see also* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order."). Plaintiff failed to respond to

the order to show cause. On August 24, 2011, the magistrate judge entered the Recommendation.

Plaintiff requests that she be permitted to continue pursuing her claims, averring that she did not receive the Order to Show Cause until the end of August because she was away caring for her father, who has been diagnosed with Stage IV cancer. *See* Docket No. 91 at 2. In early August, however, plaintiff's stated reason for ceasing to participate in the case was her belief that she could not receive fair consideration of her claims.[3] Plaintiff continues to present this argument. She requests that, instead of dismissing her case for failure to prosecute, the Court should "toll" all deadlines and permit the case to stay open "until Congress has investigated and removed the designated Judges and this case be reassigned so Defendants and [she] can work on removing this case to another District Court because it is equitable, ensures justice, and due process plays out." Docket No. 92 at 2. Plaintiff's desire not to participate in the proceedings due to unsubstantiated allegations of judicial misconduct only supports the conclusion that this case must be dismissed for failure to prosecute. Therefore, the Court will adopt the Recommendation and dismiss this case with prejudice for the same reasons as stated by the magistrate judge.

---

[3] Plaintiff also described her own significant health issues. Plaintiff asserts that the Recommendation may have resulted from the magistrate judge's unwillingness to reasonably take plaintiff's and her father's illnesses into account. *See, e.g.*, Docket No. 92 at 3. Plaintiff cites no persuasive basis to believe such was the case. Furthermore, as summarized above, plaintiff's stated reason for absenting herself from the scheduling conference was not these health issues.

**B. Filing Restrictions**

This case is one of five employment discrimination cases initiated by plaintiff in this Court since January 28, 2010 arising out of the same set of facts. *See Park v. TD Ameritrade Trust Company Inc. et al.*, 10-cv-00188-PAB-BNB ("Title VII Complaint" filed on 1/28/10); *Park v. Fiserv Trust Co. et al.*, No. 10-cv-00189-PAB-CBS ("Title VII Complaint" filed on 1/28/10); *Park v. TD Ameritrade Trust Company Inc. et al.*, No. 10-cv-03136-ZLW ("Title VII Complaint" filed on 12/27/10); *Park v. TD Ameritrade Trust Company Inc. et al.*, No. 11-cv-00875-PAB-KLM ("Title VII Complaint" filed on 4/4/11).

The Court notes, as it has done before, *see* Docket No. 102, that plaintiff apparently equates the failure to prevail in her many lawsuits with partiality on the part of the judicial officers assigned to those cases. The reasons for the dismissals have been stated in the many orders issued in her various cases. Nevertheless, plaintiff persists in alleging, but cites nothing in support of her belief, that there has been judicial misconduct.[4] In addition to the many objections noted above, *see* Docket Nos. 91, 92, 93, 98, 99, 100, plaintiff has filed fourteen additional motions, updates, and objections. *See* Docket Nos. 95, 97, 104, 106-117. Plaintiff's recent flings include unsubstantiated personal attacks on various judicial officers as well as what can be construed as veiled threats of violence. *See, e.g.*, Docket No. 92 at 5. Moreover, plaintiff's filings repeat the same points and allegations without any explanation for why such contentions

---

[4]Therefore, to the extent plaintiff's pending motions are based upon such unsupported averments, they will be denied. The remainder of such motions do not appear to request any specific relief, but rather appear directed at providing notice to the Court and various executive and legislative officials of allegations of misconduct by defendants and others. *See* Docket Nos. 104, 106, 107, 109, 110, 111, 113, 114, 115, 116, 117.

require duplication.  In sum, upon failing to prevail in her lawsuits, plaintiff is filing repetitive pleadings regarding the judicial officers assigned to her matters, as well as various other allegations, with no clear relationship to her underlying claims.[5]

The duplicative nature of plaintiff's lawsuits and the number and tone of plaintiff's recent pleadings convince the Court that it is necessary to impose prospective filing restrictions on plaintiff.  *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.") (citing *Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006)).  The filing restrictions will be "narrowly tailored, at least in the first instance."  *Id*.  Plaintiff will not be permitted to file new actions in this Court raising the same employment discrimination claims previously addressed and dismissed by this Court without the representation of a licenced attorney admitted to practice in the District of Colorado.  The requirement that she have counsel will be lifted only upon receiving permission from the Court to proceed pro se.  To obtain such permission, plaintiff must take the following steps:

    1. File a motion with the clerk of this Court requesting leave to file a pro se case;

    2. The motion for leave to proceed pro se must include a list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this Court by plaintiff, with a statement indicating the status or disposition of each proceeding.

    3. The motion for leave to proceed pro se must identify the legal issues that the proposed new complaint raises and whether she has raised these issues in other proceedings in this Court.  If so, she must cite the case

---

[5]In the last ten days alone, plaintiff has filed eight documents asserting primarily the same points.

6

>number and docket number where such legal issues have been previously
raised.

Any pro se action filed by plaintiff without permission of this Court will be summarily dismissed.

Before imposing any such restrictions, however, plaintiff will be afforded the opportunity to file objections.  *See Andrews*, 483 F.3d at 1077 ("[I]njunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.").

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 90] is ACCEPTED and that this case is DISMISSED with prejudice for failure to prosecute.  Judgment shall enter accordingly.  It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 67] is DENIED as moot.  It is further

**ORDERED** that the remaining pending motions [Docket Nos. 104, 106, 107, 109, 110, 111, 113, 114, 115, 116, 117] are DENIED.  It is further

**ORDERED** that plaintiff shall have until December 13, 2011 to file written objections to the proposed filing restrictions; such objections shall be filed in a single document not to exceed 15 pages without leave of the Court.  In the absence of timely objections, the restrictions shall take effect on December 14, 2011.  If plaintiff does file

timely objections, the restrictions shall not take effect until the Court rules on the objections.

DATED November 30, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge