IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02599-PAB-KMT

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,
TD AMERITRADE SERVICES COMPANY, INC., and
TD AMERITRADE, INC.,

    Defendants.

## ORDER IMPOSING FILING RESTRICTIONS

On November 30, 2011, the Court ordered that plaintiff had until December 13, 2011 to file written objections to proposed filing restrictions [Docket No. 118]. The Court further ordered that, in the absence of timely objections, the restrictions shall take effect on December 14, 2011. Plaintiff has not filed any objections.[1] For the reasons stated in the November 30 order, the Court concludes that it is necessary to impose narrowly-tailored filing restrictions on plaintiff. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities

---

[1] *Cf. City of Colorado Springs v. Chao*, 2008 WL 4197743, at *2 (D. Colo. Sep. 10, 2008) ("[Fed. R. Civ. P. 6(d)] does not apply . . . when the filing deadline is a date certain because the prerequisite of a 'period of time' set out in Rule 6(a) is not met.") (citing *Curran v. AMI Fireplace Co.*, 163 F. App'x 714, 718 (10th Cir. 2006)).

of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.") (citing *Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006)). Therefore, it is

**ORDERED** that, effective December 14, 2011, plaintiff will not be permitted to file new actions in this Court raising the same employment discrimination claims previously addressed and dismissed by this Court without the representation of a licenced attorney admitted to practice in the District of Colorado. The requirement that she have counsel will be lifted only upon receiving permission from the Court to proceed pro se. To obtain such permission, plaintiff must take the following steps:

1. File a motion with the clerk of this Court requesting leave to file a pro se case;

2. The motion for leave to proceed pro se must include a list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this Court by plaintiff, with a statement indicating the status or disposition of each proceeding;

3. The motion for leave to proceed pro se must identify the legal issues that the proposed new complaint raises and whether she has raised these issues in other proceedings in this Court. If so, she must cite the case number and docket number where such legal issues have been previously raised.

Any pro se action filed by plaintiff without permission of this Court will be summarily dismissed.

DATED December 14, 2011.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge