IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02599-PAB-KMT

LORI L. PARK,

    Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE ONLINE HOLDINGS CORP.,
TD AMERITRADE HOLDING CORPORATION,
THE TORONTO-DOMINION BANK,
JOSEPH H. MOGLIA,
J. THOMAS BRADLEY, JR.,
TD AMERITRADE SERVICES COMPANY, INC., and
TD AMERITRADE, INC.,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Motion in Opposition to Federal Judge to Close this Case, Request for Settlement Agreement Conference, Motion to Request Attorney to be Assigned to Plaintiff, and for Procedure to Report Felony Level Conduct to a Federal Judge [Docket No. 127] and Further Motion in Opposition to Close this Case, Motion for an Attorney, Continuance in Light of Joint Settlement Conference Request, and Procedure to Report Felony Level Conduct to a Federal Judge [Docket No. 128].

On November 30, 2011, the Court dismissed this case with prejudice for failure to prosecute.  *See* Docket No. 118.  Judgment entered accordingly December 2, 2011.  *See* Docket No. 120.  Plaintiff requests that the Court "reconsider" the closing of the

case. She contends that it was dismissed due to her exposing judicial misconduct. Plaintiff has repeatedly alleged judicial misconduct in her filings, but has provided no evidence of such.[1] The Court identifies no basis to reconsider its November 30, 2011 dismissal of this matter.

Plaintiff also requests that a settlement conference be set. This case, however, has already been resolved. In the event the parties reach an agreement regarding plaintiff's payment of the sanctions awarded to defendants by the magistrate judge, *see* Docket No. 105, they should notify the Court of that fact. Plaintiff also appears to again be objecting to the monetary sanctions imposed by the magistrate judge. That untimely objection simply repeats the aforementioned unsubstantiated allegations of judicial misconduct, an objection the Court has previously rejected. *See* Docket No. 125.[2]

Finally, in the November 30, 2011 order, the Court set a deadline of December 13, 2011 for plaintiff to file written objections to proposed filing restrictions. The Court further ordered that, in the absence of timely objections, the restrictions would take effect on December 14, 2011. The Court does not interpret the present motions (the

---

[1] Plaintiff also repeats her argument that she failed to prosecute her case because she was away caring for her father, who has been diagnosed with Stage IV cancer. *See* Docket No. 128 at 6; Docket No. 91 at 2. As the Court found in the November 30 order, plaintiff's stated reason for ceasing to participate in the case was her belief that she could not receive fair consideration of her claims because of alleged judicial misconduct.

[2] Plaintiff also she requests an attorney be assigned to represent her. The Court does have the discretion to request that a member of the Court's bar represent a pro se litigant, but plaintiff is not entitled to have counsel appointed to represent her, *see Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006), a fact she recognizes. *See* Docket No. 128 at 1-2. The Court identifies no basis to direct the Clerk of the Court to attempt to obtain volunteer counsel for plaintiff in this now-terminated case.

first of which was filed late in the day on December 13, but was not entered onto the docket until December 15, and the second of which was filed on December 15, 2011) as objections to the proposed filing restrictions. The filing restrictions were imposed on December 14, 2011. Docket No. 126. Nor do the motions contain any substance that otherwise alters the Court's judgment that it is necessary to impose narrowly-tailored filing restrictions on plaintiff. Rather, the motions continue to "repeat the same points and allegations without any explanation for why such contentions require duplication." Docket No. 118 at 5-6.

This matter has been resolved, and plaintiff's motions merely repeat previously rejected arguments and allegations. Plaintiff is warned that if she persists in filing repetitious pleadings, the Court will consider what, if any, additional sanctions may be appropriate.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion in Opposition to Federal Judge to Close this Case, Request for Settlement Agreement Conference, Motion to Request Attorney to be Assigned to Plaintiff, and for Procedure to Report Felony Level Conduct to a Federal Judge [Docket No. 127] and Further Motion in Opposition to Close this Case, Motion for an Attorney, Continuance in Light of Joint Settlement Conference Request, and Procedure to Report Felony Level Conduct to a Federal Judge [Docket No. 128] are DENIED.

DATED December 19, 2011.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge